UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| DAVID H. PLEMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:10-0040 |
| | ) | Judge Trauger/Bryant |
| KEVIN REA, et al., | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**TO: The Honorable Aleta A. Trauger**

## REPORT AND RECOMMENDATION

Defendants James Fortner, Reuben Hodge and Gayle Ray have filed their motion to dismiss (Docket Entry No. 14), to which the plaintiff has responded in opposition (Docket Entry No. 39).

For the reasons stated below, the undersigned Magistrate Judge recommends that these defendants' motion to dismiss be granted, and that the complaint against them be dismissed with prejudice.

## Statement of the Case

Plaintiff Plemons, a prisoner proceeding pro se, has filed his complaint pursuant to 42 U.S.C. § 1983 alleging that the numerous defendants have been wilfully indifferent to his serious medical needs while confined as a prisoner at the Turney Center Industrial Complex in Only, Tennessee. Specifically, plaintiff alleges that he is required to take the medication Methotrexate for his acute psoriasis, and that this condition makes him particularly susceptible to bruising and lacerations from what would normally be

innocuous bumps or scratches.  Plaintiff alleges that on February 4, 2010, he received a laceration to his left forearm that required medical attention.  Plaintiff claims that he was required to obtain the permission of the shift captain in order to go to the clinic to seek medical care, and that upon his arrival in the clinic Nurse Brenda Maxey took a quick peek at the laceration, gave him a "medical bag," and instructed him to keep the laceration covered.  Plaintiff alleges that Nurse Maxey failed to clean his wound or otherwise provide treatment for his laceration.  Plaintiff seeks money damages and injunctive relief requiring that the prison medical staff provide "better medical attention."

Defendant James Fortner is identified in the complaint as the Warden of the Turney Center Industrial Complex.  Defendant Rubin Hodge is identified in the complaint as the Assistant Commissioner of Operations for the Tennessee Department of Corrections.  Defendant Gayle Ray is identified in the complaint as the Commissioner of the Tennessee Department of Corrections.  These three defendants are sued in both their official and individual capacities.

## **Analysis**

Defendants Fortner, Hodge and Ray move to dismiss the complaint on two grounds.  First, they assert that the complaint against them fails to state a claim upon which relief can be granted.  Second, these defendants argue that in their official

2

capacities they have immunity under the Eleventh Amendment to the United States Constitution and are not "persons" under 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983 a plaintiff must allege that a defendant official was somehow directly involved in allegedly unconstitutional conduct. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983). The doctrine of *respondeat superior* alone is not a basis for imposing liability on supervisory officials under section 1983, and liability of supervisory personnel must be based on more than the mere right to control employees. Hays v. Jefferson County, 668 F.2d 869, 872-74 (6th Cir. 1982), *cert. denied*, 459 U.S. 833 (1982). At a minimum, a plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate in order to state a claim under section 1983. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied,* 469 U.S. 845 (1984).

In his complaint, plaintiff makes no claim that defendants Fortner, Hodge or Ray were involved in, or had any awareness of, the incident related to his medical care on February 4, 2010. There is no allegation, or even a suggestion, that any of these three defendants implicitly authorized, approved or knowing acquiesced in the conduct that gives rise to plaintiff's complaint. Even if these defendants became aware later of this occurrence

through a review of plaintiff's grievance, a claim that their response to the grievance was insufficient is not enough to impose liability on supervisory personnel under section 1983. Poe v. Haydon, 853 F.2d 418, 429 (6th Cir. 1988), *cert. denied*, 488 U.S. 1007 (1989).

For the reasons stated above, the undersigned Magistrate Judge finds that the complaint fails to state a claim under section 1983 against defendants Fortner, Hodge or Ray upon which relief can be granted.

A suit against a state official in his official capacity is considered to be a suit against the state. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Suits against the state, state agencies and state officials sued in their official capacities for money damages are barred by the Eleventh Amendment. Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam). Moreover, the state, its agencies and state officials sued in their official capacities for money damages are not "persons" for the purposes of 42 U.S.C. § 1983. Will, 491 U.S. at 71. Upon this authority, the undersigned Magistrate Judge finds that defendants Fortner, Hodge and Ray, to the extent they are sued in their official capacities, must be dismissed pursuant to Eleventh Amendment immunity and because they are not "persons" subject to suit under 42 U.S.C. § 1983.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the motion to dismiss filed on behalf of defendants Fortner, Hodge and Ray (Docket Entry No. 14) be **GRANTED** and that the complaint against them be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 12th day of January 2011.

> s/ John S. Bryant
> JOHN S. BRYANT
> United States Magistrate Judge